1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3  MIRANDA KANE (CABN 150630)
   Chief, Criminal Division
4  PHILIP J. KEARNEY (CABN 114978)
   Assistant United States Attorney
5
   450 Golden Gate Avenue, Box 36055
6  San Francisco, California 94102-3495
   Telephone: (415) 436-7323
7  Fax: (415) 436-7234
   E-mail: Philip.kearney@usdoj.gov
8
   Attorneys for Plaintiff
9

**FILED**

MAY 1 9 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10                 UNITED STATES DISTRICT COURT
11                NORTHERN DISTRICT OF CALIFORNIA
12                    SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,        )    No. CR 11-0297 JSW
                                     )
15         Plaintiff,                )
                                     )    **ORDER OF DETENTION OF**
16     v.                            )    **DEFENDANT SHERRY LYNN MEANS**
                                     )
17  SHERRY LYNN MEANS,               )
                                     )
18         Defendant.                )
                                     )
19  _____

20      The defendant, Sherry Lynn Means, came before this Court on May 6, 2011, for
21  preliminary hearing or arraignment on indictment. The defendant was present and represented
22  by appointed counsel, Steven Kalar, Assistant Federal Public Defender. Assistant United States
23  Attorney Philip J. Kearney represented the United States.
24      The defendant requested a release on her personal recognizance, claiming that she was
25  not a flight risk nor a danger to the community.
26      The government opposed the request for release, and asked that the defendant remain
27  detained, submitting that no condition or combination of conditions would reasonably assure the
28  appearance of the defendant as required as well as insure the safety of the community.

Detention Order: Sherry Lynn Means

1    Upon consideration of the Pretrial Services report, the court file and the party proffers as
2 discussed below, the Court finds by a preponderance of evidence that no condition or
3 combination of conditions of release could reasonably assure the appearance of the defendant as
4 required. The Court also finds by clear and convincing evidence that no condition or
5 combination of conditions will reasonably assure the safety of any other person and the
6 community. The Court orders the defendant detained.
7    The present order supplements the Court's findings at the detention hearing and serves as
8 a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(I).
9    The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the
10 Court must consider in determining whether pretrial detention is warranted. In coming to its
11 decision, the Court has considered those factors, paraphrased below:
12    (1) the nature and seriousness of the offense charged;
13    (2) the weight of the evidence against the person;
14    (3) the history and characteristics of the person including, among other considerations,
15    employment, past conduct and criminal history, and records of court appearances; and
16    (4) the nature and seriousness of the danger to any person or the community that would
17    be posed by the person's release.
18    In considering all of the facts and proffers presented at the hearing, the Court finds the
19 following factors among the most compelling in reaching its conclusion that no combination of
20 conditions could reasonably assure the defendant's future appearances and the community's
21 safety. First, the Court finds the present offenses to be violent, involving the threat of detonating
22 an explosive device or devices in either inhabited facilities or on an airplane. The Court finds
23 based on the issuance of two 2008 temporary restraining orders, that the defendant has made past
24 serious threats of violence. Second, the defendant has no demonstrated ties to the community
25 such as real property, family or employment. Third, there appear to be potential mental health
26 issues that may need to be addressed, and that absent an evaluation and treatment (if
27 appropriate), there would be substantial risk in releasing her at this juncture. These factors,
28 among others adduced at the hearing, clearly and convincingly demonstrate that if released the

Detention Order: Sherry Lynn Means

1 defendant would be a danger to the community and unlikely to appear as required.

2 Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

3 (1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with her counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: May 19, 2011

EDWARD M. CHEN
United States District Judge

Detention Order: Sherry Lynn Means